## Albert H. Hanneken, Trustee in Bankruptcy, Appellee, v. Susan M. Sheaff, Appellant.

### Gen. No. 7,072.

1. BANKRUPTCY—*right of trustee as against bona fide assignee of mortgage by bankrupt mortgagor.* Under the Bankruptcy Act, sec. 70-E, providing that the trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, an assignment of a mortgage given by the bankrupt as mortgagor within four months of the adjudication of bankruptcy carries with it all equities in favor of the mortgagor and against the mortgagee but not latent equities of third persons, including the creditors of the bankrupt mortgagor as represented by the trustee, and such mortgage in the hands of an assignee who acquires it in good faith for full value without knowledge of the insolvency of the mortgagor and prior to the adjudication of bankruptcy may not be avoided by the trustee.

2. AGENCY—*ratification not applicable to acts not done as agent and without principal's knowledge.* Where defendant sent money to a banker to be by him invested in Liberty bonds for her and the banker bought no bonds but embezzled the money without her knowledge and thereafter, to cover his embezzlement and on a pretense that he was exercising his judgment as to the investment, assigned to her notes and a mortgage given to him as mortgagee by an insolvent mortgagor within four months of his adjudication in bankruptcy, in payment of a pre-existing indebtedness due from

the insolvent to the banker, the defendant did not, by accepting the notes and mortgage, ratify the unauthorized acts of the banker in substituting the investment, so as to charge her with knowledge, since the banker did not act as agent in taking the notes and mortgage from his debtor or in falsely representing the facts to defendant.

3. Agency—*principal not chargeable with notice of facts which circumstances make it certain agent will conceal.* A principal who sent money to her banker to invest in a particular way but which he embezzled is not chargeable with notice that notes and a mortgage, which he later assigned to her on the false representation that he had exercised discretion and invested her funds in such notes and mortgage instead of the securities she desired, were made by an insolvent within four months of the adjudication of his bankruptcy where the evidence shows that the banker never invested her money at all but embezzled it, that the notes and mortgage were made to him as mortgagee in payment of a pre-existing indebtedness due from the insolvent and that he turned them over to her to hide his defalcation, especially where the notes were payable to the order of the makers and by them indorsed and delivered and the mortgage was made to the banker as trustee and the principal took it as assignee.

4. Bankruptcy—*right of bona fide assignee of mortgage made by mortgagor made within four months of bankruptcy.* One who sent money to her banker to be invested in Liberty bonds but which he embezzled instead and for which he thereafter substituted, to hide the embezzlement, notes and a mortgage given him by an insolvent in payment of a pre-existing debt within four months of the insolvent's bankruptcy, is a bona fide holder of the notes and mortgage for value before maturity without notice of the insolvency of the maker of the mortgage which cannot be avoided by the trustee in bankruptcy under the Bankruptcy Act, sec. 70-E, she having no notice of any of the facts of insolvency or surrounding the transaction and having paid full value.

Appeal from the Circuit Court of Lee county; the Hon. Oscar E. Heard, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded with directions. Opinion filed October 25, 1922.

McHenry & Dusher and Roy F. Hall, for appellant.

Robert L. Bracken and A. H. Hanneken, for appellee.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

The appellee, Albert H. Hanneken, as trustee in bankruptcy of the estate of Edwin M. Detweiler, filed his bill in the circuit court of Lee county to set aside a mortgage given to E. J. Countryman by Edwin M. Detweiler, within four months of the time he was adjudged a bankrupt. The mortgage was assigned by Countryman to the appellant, Susan M. Sheaff. Because of the death of Countryman, his wife, Alice Countryman, and his children, Irving B. Countryman, Willard Countryman and Eudora Countryman, were made defendants to the bill. The last two being infants answered by their guardian *ad litem*. Susan M. Sheaff filed her separate answer denying all the material allegations of the bill. The other adult defendants failed to answer and were defaulted. Proper replications were filed to the answers and the case was at issue upon the bill and answers.

The case was tried upon a stipulation of facts substantially as follows: On September 1, 1920, Edwin M. Detweiler and E. J. Countryman were both insolvent. Countryman was the cashier of the Union State Bank of Dixon, Illinois. On that date, Detweiler being indebted to him in the sum of $7,700 for a pre-existing debt, executed and delivered to him, as trustee, his four promissory notes aggregating $8,000, secured by a mortgage on certain real estate owned by Detweiler. Countryman agreed to pay Detweiler $300 out of the proceeds of the sale of certain stocks. On the 13th day of November, 1920, Detweiler and Countryman were each adjudged bankrupt.

On March 1, 1920, appellant, who was a sister-in-law of Countryman and living at Holcomb, Illinois, sent to Countryman $8,000 with instructions to purchase Liberty bonds for her. Countryman deposited the money in the Union State Bank of Dixon, to his own credit, and within a few days checked out the entire amount

for his own personal use, buying no bonds for the appellant. Between March 1, 1920 and September 1 of that year, Countryman talked with the appellant and told her that he had invested her money in Liberty bonds, and that she could not get their face value in cash because they were then selling below par. Appellant did not know prior to September 8, 1920, that Countryman had not invested her money in Liberty bonds. On September 1, she wrote him asking what form the bonds were in and stated that she wanted to cash some of them. On the 8th of September, Countryman sent the notes and mortgage above mentioned to her with a letter of explanation, stating that he inclosed notes in the amount of $8,000 secured by a mortgage on a farm near Dixon and that he thought it best to invest the amount sent him in notes at seven per cent. The letter also stated that the mortgagor expected to pay a part of the notes during that month. Appellant did not know at that time that Detweiler was insolvent, nor did she receive any knowledge concerning him other than that contained in the letter from Countryman until she received information through the newspapers that he had filed a petition in bankruptcy. Within a week after receiving the notes and mortgage she inquired of Countryman and his wife and was told that the money was perfectly safe and the notes well secured. Upon receiving this information she made no further inquiry. At the time the notes and mortgage were executed they were in the nature of a preference and were such that as against Countryman they could be set aside by the trustee in bankruptcy. Appellant acquired title to the notes in due course before maturity for a valuable consideration without notice on her part of the insolvency of Detweiler. At the time she received them she knew of no fact which tended to show that Countryman was insolvent.

It seems to be conceded by counsel that under the

law of Illinois appellant acquired good title to the notes. The question for consideration is whether or not under the Bankruptcy Act the title of appellant to the mortgage can be set aside at the instance of the trustee in bankruptcy as a preference among the creditors of Detweiler. Section 70-E of the Bankruptcy Act provides that the trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided and may recover the property or its value from the person to whom it was transferred unless he was a bona fide holder for value prior to the adjudication. The stipulation provides that the appellant was a bona fide holder for value before maturity of the notes without notice of the insolvency of Detweiler at the time of the transfer of the notes and mortgage to her.

It is urged that although the notes, because of their negotiable character, may be enforced, nevertheless, the mortgage, being nonassignable at law, was taken by the assignee subject to all of the defenses which might be made to it in a court of equity. While the assignee of a mortgage takes it subject to all the equities in favor of the mortgagor and against the mortgagee, still that rule does not go to the extent of declaring that an assignee takes subject to the latent equities of third persons (*Olds v. Cummings*, 31 Ill. 188; *Silverman v. Bullock*, 98 Ill. 11). Under the section of the Bankruptcy Act above noted, it is expressly provided that the trustee in bankruptcy may avoid any transfer by the bankrupt of his property which a creditor might avoid. The trustee, who is the complainant in this case, does not represent the interests of the mortgagor but of the creditors of the bankrupt mortgagor, Detweiler. They are third persons whose interests constitute latent equities against which the transferee of the mortgage will be protected.

It is further urged that Countryman was the agent of appellant and although he acted beyond the scope

of his authority in investing appellant's money in the notes and mortgage, nevertheless appellant by accepting them ratified his acts. With this contention we cannot agree. Countryman was not acting as agent of the appellant in taking the notes and mortgage from Detweiler. He was at that time obtaining security for a pre-existing indebtedness of Detweiler to himself. That was in nowise an investment of his principal's money. Neither was the payment to Detweiler of $300 of the proceeds of the sale of stocks held by him an investment of his principal's money. Having obtained security for Detweiler's indebtedness to him, Countryman then assigned his security to appellant to cover his embezzlement of her funds. The fact that when so doing he falsely pretended to be acting as her agent in investing her funds and falsely pretended to be exercising his judgment, could in nowise change the character of his act. It follows that if he was not acting as her agent, the doctrine of ratification can have no application.

But even though Countryman were acting as the agent of appellant in investing her money, we are disposed to hold that she would not be chargeable with his knowledge. Countryman's letter to appellant in which he indirectly stated that he had a discretion as to how he should invest appellant's money was for the purpose of deceiving appellant. This fact distinguishes this case from the cases cited where the agent acted upon the assumption that he was clothed with discretion and did actually invest his principal's money. Countryman never invested appellant's money. He simply turned over to her the notes and mortgage he already owned to hide his defalcation. His actions were fraudulent throughout and intentionally so. This is not a case where an agent merely exceeded his authority. He never attempted to act for appellant as her agent. All the facts show that he premeditatedly planned to act for himself only.

He had embezzled appellant's money. Detweiler was indebted to him. He sought throughout to secure the payment of Detweiler's obligation to himself and to conceal from appellant the fact that he had embezzled her money. In *Cowan v. Curran*, 216 Ill. 598, it is said that: "The rule, however, that notice to the agent under the circumstances stated is notice to the principal has certain well-defined exceptions. One of these exceptions is where the agent's relation to the subject-matter renders it certain that he will not disclose the information to his principal; and another exception is where the person claiming the benefit of the notice colludes with the agent to deceive or defraud the principal. (Mechem on Agency, sec. 721.) The presumption that the agent communicates the knowledge which he has to the principal does not prevail where it is certainly to be expected that the agent will not perform this duty 'as where the agent, though nominally acting as such, is in reality acting in his own or another's interest, and adversely to that of his principal.'"

It will be further observed that the notes in question were payable to the order of the makers and by them indorsed and delivered, that the mortgage or trust deed in question was made to "E. J. Countryman, trustee," that upon the face of the instrument the appellant is not a party thereto, and that in receiving them she took them as assignee. Under the circumstances appellant was not chargeable with the knowledge Countryman had of the insolvency of Detweiler at the time she took the notes and mortgage.

Under the stipulation and under the law, we hold that the appellant was a bona fide holder of the notes and mortgage for value before maturity without notice of the insolvency of the maker of the mortgage; that her title thereto cannot be avoided by the trustee in bankruptcy under section 70-E of the Bankruptcy Act; and that she acquired title under the proviso of

that section excepting a bona fide holder for value prior to adjudication from the general application of such section.

The circuit court erred in entering a decree in accordance with the prayer of the bill. The decree will therefore be reversed and the cause remanded with directions to the circuit court to dismiss the bill.

*Reversed and remanded with directions.*